UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| RAMONT A. PANNELL,<br>TDCJ No. 1571314,<br><br>         Petitioner,<br><br>V.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br><br>         Respondent. | §<br>§<br>§<br>§<br>§<br>§      CIVIL NO. SA-15-CA-163-XR (HJB)<br>§<br>§<br>§<br>§<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

On this day the Court considered the status of this case. Petitioner Ramont A. Pannell has filed a motion seeking leave to amend his federal habeas corpus petition. After careful consideration, the Court will GRANT Pannell's motion for leave to amend but, nonetheless, DISMISS this federal habeas corpus action.

**I. Background**

Pannell was convicted for aggravated assault with a deadly weapon in March, 2009 in Guadalupe County in cause no. 07-0426-CR. Pannell filed his original federal habeas corpus petition in this cause on March 2, 2015 (docket nos. 1 & 2), after he was denied release on parole by the Texas Board of Pardons and Paroles. In a Show Cause Order issued March 20, 2015 (docket no. 3), the Magistrate Judge explained that Texas prisoners possess no constitutionally protected liberty interest in release on parole once they are eligible for discretionary release, and ordered Pannell to show cause as to why his petition should not be summarily dismissed. On April 13, 2015, Pannell filed a motion seeking leave to amend his petition (docket no. 5) to add allegations about

denial of good conduct time credits to his claims about the denial of his release on parole. The Court grants the motion for leave to amend but ultimately dismisses the action because Pannell possesses neither a constitutionally protected liberty interest in release on parole nor a constitutionally protected interest in any good conduct time credits he might have lost.

**II. Analysis**

A. No Constitutionally Protected Interest in Release on Parole

In his original petition, Pannell complained that he had been denied release on parole once he became eligible for such release. *See* docket no. 1. The Fifth Circuit is clear that Texas prisoners possess no constitutionally protected liberty interest in release on parole. *See, e.g., Toney v. Owens*, ___ F.3d ___, ___, 2105 WL 818803 (5th Cir. Feb. 26, 2015) ("We have consistently held that 'Texas prisoners . . . cannot mount a challenge against *any* state parole review procedure on procedural . . . Due Process grounds.'"); *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997) ("Because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole review procedure on procedural (or substantive) Due Process grounds."), *cert. denied*, 522 U.S. 995 (1997). Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court authorizes summary dismissal of a federal habeas corpus petition if it plainly appears from the face of the petition and any exhibits attached to it that the petitioner is not entitled to relief. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999); *Byrne v. Butler*, 847 F.2d 1135, 1137 (5th Cir. 1988). Thus, insofar as Pannell complains that state parole officials refused to release him on parole once he became eligible, Pannell's claims are summarily dismissed as it is clear from the petition that he is not entitled to relief. *See Byrne v. Butler*, 847 F.2d at 1137 (if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief, the

judge must dismiss the petition and direct the clerk to notify the petitioner); Rule 4, *Rules Governing Section 2254 Cases in the United States District Courts*.

B. No Constitutionally Protected Interest in Good Conduct Time Credits

In his amended petition, Pannell complains that the denial of his request for release on parole effectively amounted to a taking away of his good conduct time credits in violation of the Fourteenth Amendment's procedural Due Process. *See* docket no. 5. The Court grants Pannell leave to amend to add these allegations. However, Pannell's new claim is dismissed because: 1) he was convicted of aggravated assault, which means he was not eligible for mandatory parole, and 2) he alleges no specific facts, other than that he was denied release on parole, to establish that he was deprived of any good conduct time credits that he previously earned.

Federal habeas corpus relief under Section 2254 is the appropriate remedy when a prisoner seeks to challenge the fact or duration of his physical imprisonment, including loss of good time credits. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); *Kimbrell v. Cockrell*, 311 F.3d 361, 362 (5th Cir. 2002) ("When a prisoner is eligible for mandatory supervised release, and when prison disciplinary proceedings result in a change in good-time earning status that extends the prisoner's release date, the prisoner's petition challenging such proceedings falls within § 2254."); *Malchi v. Thaler*, 211 F.3d 953, 956 (5th Cir. 2000) (holding Section 2254 was the appropriate vehicle for a Texas prisoner challenging a loss in good conduct time earning status which extended the date for the petitioner's release to mandatory supervision). Such relief cannot be granted unless the petitioner alleges he has

been deprived of some right secured to him by the United States Constitution or the laws of the United States. *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007).

It is well settled that, when a state creates a right to good conduct time credits that reduce the duration of a prisoner's imprisonment and recognizes deprivation of such credits as a sanction for misconduct, the prisoner possesses a real substantial "liberty" interest in the lost credits protected by the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557, 563-66 (1974); *Malchi v. Taylor*, 211 F.3d at 959. Before good time credits or other liberty interests can be stripped by the state, the Fourteenth Amendment's Due Process Clause requires at lest three minimum procedural protections: (1) advanced written notice of the claimed violation, (2) written explanation of the evidence relied upon and the reasons for the disciplinary decision, and (3) within reasonable limits the ability to call witnesses and present documentary evidence in his defense. *Wolff v. McDonnell*, 418 U.S. 539, at 563-66 (1974); *Malchi v. Taylor*, 211 F.3d at 959 ("When a state creates a right to good time credit and recognizes that its revocation is an authorized sanction for misconduct, a prisoner's interest therein is embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated."). But only good conduct time credits or liberty interests that sufficiently affect the duration of imprisonment are protected by Due Process. *See Sandin v. Connor*, 515 U.S. 472, 484-87 (1995) (holding prisoner's placement in solitary confinement did not present did not implicate the Due Process clause because the punishment did not "present a case where the State's action will inevitably affect the duration of his sentence" or "exceed the sentence in . . . an unexpected manner").

Loss of good conduct time credits by Texas prisoners eligible for release on mandatory supervised release (both those convicted before and after Texas' September 1, 1996 amendment to its mandatory supervision statutes) sufficiently affects the duration of their imprisonment as to warrant Due Process Clause protection because it inevitably effects the duration of the sentence. *Teague v. Quarterman*, 482 F.3d at 774-77. This is because, "mandatory supervision in Texas is 'the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division.'" *Id.* at 774; *Malchi v. Thaler*, 211 F.3d at 957. Any loss of good conduct time credits by a prisoner eligible for mandatory supervised release implicates the "liberty" interests protected by the Due Process Clause. *Teague v. Quarterman*, 482 F.3d at 779-80 ("The TDCJ–CID must afford its inmates procedural due process before depriving them of *any* good-time credit.") (emphasis original).

If a Texas prisoner is ineligible for mandatory supervised release, however, there is no federal constitutional claim for relief may be granted. *Arnold v. Cockrell*, 306 F.3d 277, 278 (5th Cir. 2002) "[I]t must be determined if [the petitioner] is eligible for mandatory supervision release. If he is not, [the petitioner] does not have a constitutional claim for which relief can be granted."); *Teague v. Quarterman*, 482 F.3d at 777 (holding good-time credits are constitutionally protected when parole is mandatory; juxtaposing mandatory scheme with a situation where a parole board has discretion, which would eliminate the constitutional protections).

Under Texas law, Pannell is ineligible for release on mandatory supervision because he was convicted of aggravated assault. *See* TEX. GOVT. CODE Section 508.149(a)(7). Pannell's complaints about alleged deficiencies in the TDCJ's parole proceedings that resulted in the his alleged loss of

5

good conduct time credits also do not implicate any constitutionally protected liberty interest because he is not eligible for mandatory supervised release. *See Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (recognizing the propriety of a district court *sua sponte* summarily dismissing a Section 2254 petition as untimely). Therefore, the loss of good-time credits claim is summarily dismissed because Pannell is not eligible for mandatory supervised release; any alleged loss of good conduct time credits has no bearing on any constitutionally protected interest possessed by petitioner. *See Arnold v. Cockrell*, 306 F.3d at 278; Rule 4, *Rules Governing Section 2254 Cases in the United States*.

### III. Certificate of Appealability

Under 28 U.S.C. §2253(c)(1), before a petitioner may appeal the denial of a habeas corpus petition filed under Section 2254, he must obtain a "Certificate of Appealability" (CoA). *Miller-El v. Johnson*, 537 U.S. 322, 335-36 (2003). Likewise, review of a habeas petition is limited to the issues on which a CoA is granted. *See* 28 U.S.C. §2253(c)(3)*; Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002) (holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000) (holding the same). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997).

Effective December 1, 2009, Rule 11(a) of the Rules Governing Section 2254 Cases in United States District Courts requires this Court to issue or deny a CoA when it enters an order adverse to a federal habeas corpus petitioner. This Court is required to issue or deny a CoA when

it enters a final Order adverse to a federal habeas petitioner, such as here. *Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts*.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. A CoA will not be granted unless the petitioner makes a substantial showing of the denial of a constitutional right in a particular claim. *See* 28 U.S.C. §2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). To make such a showing, the petitioner need *not* show he will prevail on the merits but, rather, must demonstrate that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282.

If a court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. *Miller-El v. Johnson*, 537 U.S. at 338 (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) ("[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."); *Tennard v. Dretke*, 542 U.S. at 282.

Reasonable legal minds would all agree with this Court's conclusions that Pannel's complaint about the failure of state parole officials to release him does not present an arguable federal constitutional claim and does not furnish even an arguable basis for relief under Section 2254. Likewise, reasonable minds would agree on this Court's conclusions that Pannell's complaints of lost good conduct time credits because he was ineligible for mandatory supervised release as he is

serving sentences for aggravated assault -- an offense which renders him statutorily ineligible for release on mandatory supervised release. Pannell therefore is not entitled to a Certificate of Appealability on any of his claims.

## IV. Conclusion

**Accordingly, the Court ORDERS that**:

1. The referral of this cause to the Magistrate Judge is **WITHDRAWN.**

2. Petitioner's motion for leave to amend, filed April 13, 2015 (docket no. 5), is **GRANTED**; the Clerk shall file Petitioner's Amended Petition (previously docketed as docket no. 5-1) among the pleadings, motions, and other documents filed in this cause.

3. Petitioner's amended federal habeas corpus petition, submitted April 13, 2015 (previously received as docket no. 5-1), is **DISMISSED** WITHOUT PREJUDICE pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

4. Petitioner is **DENIED** a Certificate of Appealability on all his claims herein.

It is so ORDERED.

SIGNED this 5th day of May, 2015.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE